*United States v. Sims*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand twenty-six.

Present:
>    DEBRA ANN LIVINGSTON,
>        *Chief Judge,*
>    MYRNA PÉREZ,
>    MARIA ARAÚJO KAHN,
>        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>        *Appellee,*

>    v.                                                                      24-1203

PATRICK SIMS,

>        *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | GILBERT M. REIN, Assistant United States Attorney (Jonathan Siegel, David I. Berman, Assistant United States Attorneys, *on the brief*) *for* Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| For Defendant-Appellant: | KENDRA L. HUTCHINSON, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Patrick Sims ("Sims") appeals from the judgment entered April 30, 2024 of the United States District Court for the Eastern District of New York (Amon, *J.*) convicting him, after a jury trial, of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) and sentencing him principally to 102 months' imprisonment and three years' supervised release.   The charges resulted from a parole safety search of Sims's residence in Staten Island conducted on March 8, 2021 by Sims's supervising parole officer, Officer Adreena Dotts ("Officer Dotts") of the New York State Department of Corrections and Community Supervision ("DOCCS").   The search was based on information received from the New York Police Department ("NYPD") regarding Sims's possession of a firearm, which would have violated conditions of supervised release applicable to Sims at the time.   The search revealed two guns and other contraband.

Sims moved to suppress the evidence found during the search of his residence.   At an evidentiary hearing, Officer Dotts testified that the NYPD informed her there was a "complaint from the community, that Mr. Sims had possession of a firearm."   App'x 140.   Officer Dotts also testified that the NYPD provided DOCCS with a video of an individual that the NYPD believed to be Sims brandishing a firearm and a phone number that matched Sims's, both in connection with the community complaint, and that after several conferences with her supervisor, Officer Dotts concluded "there was a credible belief that the defendant [Sims] possessed a firearm."   App'x 140–43.   The district court denied Sims's motion to suppress in an oral ruling,

2

explaining "that the search of the defendant's apartment was reasonably related to Officer Dotts's duties."   App'x 278.

Prior to trial, the government disclosed that the information the NYPD transmitted to DOCCS was obtained, in part, from a paid confidential informant.   Sims moved for reconsideration of his suppression motion, arguing that that "the changed story about what information led to the search of the apartment" indicated "the NYPD intentionally misled DOCCS to hide the fact that a paid informant, not a victim of a crime, provided the information that persuaded DOCCS to authorize the search."   App'x 353.   The district court denied the motion for reconsideration, explaining that while "[p]recisely what [Officer Dotts] was told is certainly disputed, . . . it's undisputed that she was told that . . . the defendant had a gun."   App'x 678. The court held that this "core information" received—from "someone either a confidential informant or [Officer Dotts] thought a community complainant"—provided Officer Dotts with "a sufficient reason to search."   App'x 678.   On appeal, Sims argues that the district court erred in denying his motion for reconsideration.[1]   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to **AFFIRM**.

\*     \*     \*

"Because of the substantial 'deference properly accorded a district court's decisions regarding evidentiary matters and the general conduct of trials,' we review a district court's decision to reconsider an evidentiary ruling for abuse of discretion."   *In re Terrorist Bombings of*

---

[1]  In his opening brief, Sims also argued that, under the Second Amendment, § 922(g)(1) is unconstitutional, both facially and as applied to him.   As he concedes in his reply brief, this argument is foreclosed by our decision in *Zherka v. Bondi*, 140 F.4th 68 (2d Cir. 2025).

*U.S. Embassies in E. Afr.*, 552 F.3d 177, 196 (2d Cir. 2008) (quoting *United States v. Bayless*, 201 F.3d 116, 131 (2d Cir. 2000)). "The district court abuses its discretion 'when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions.'" *United States v. Figueroa*, 548 F.3d 222, 226 (2d Cir. 2008) (quoting *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)).

While "warrantless searches are generally presumed unreasonable," there are certain exceptions. *United States v. Newton*, 369 F.3d 659, 665 (2d Cir. 2004). The Supreme Court has highlighted that "[a] state's operation of a probation system . . . presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Id.* (alteration in original) (quoting *Griffin v. Wisconsin*, 483 U.S. 868, 873–74 (1987)). We have applied that same reasoning to the operation of a parole system. *Id.* Thus, "a search of a parolee is permissible so long as it is reasonably related to the parole officer's duties." *See United States v. Braggs*, 5 F.4th 183, 186–88 (2d Cir. 2021) (quoting *United States v. Grimes*, 225 F.3d 254, 259 n.4 (2d Cir. 2000)). And regarding those duties, "[w]e have long recognized a duty on the part of the parole officer to investigate whether a parolee is violating the conditions of his parole—one of which, of course, is that the parolee commit no further crimes." *United States v. Reyes*, 283 F.3d 446, 459 (2d Cir. 2002) (citations omitted). We have suggested, however, that suppression may be warranted in the case of "a law enforcement officer who—unbeknownst to the probation officer—intentionally provides false information about a supervisee's activities in the hope of instigating a home visit by the probation officer that would yield incriminating evidence to prosecute the supervisee." *Id.* at 463 n.12; *see also Braggs*, 5

F.4th at 188 n.5 (noting that sufficient evidence of a fabricated tip might "undermine our determination that the search was sufficiently related to a valid purpose and was instead carried out in order to, say, harass" the defendant). On appeal, Sims argues that the district court abused its discretion in declining to reconsider its prior ruling in light of the government's additional disclosures regarding the information provided to Officer Dotts. We disagree.

We reject Sims's argument that the district court's decision rested on an error of law because the district court "was required to determine whether the search was tainted by police falsity." Reply Br. 6; *see also* Appellant's Br. 25 ("[T]he district court was required to issue findings on the precise sequence of events that led to the parole search . . . ."). Again, the relevant inquiry here is whether the *parole officer's* undertaking of the search was reasonably related to *her* duties. In *Braggs*, we held that "[o]nce Officer Bailey received notice of an anonymous tip suggesting that Braggs had guns in his possession—a clear violation of his parole conditions—he and his team were constitutionally permitted to search the house to determine whether Braggs was complying with the relevant condition." 5 F.4th at 188. That is because "a search undertaken by a parole officer of a parolee to detect parole violations is 'reasonably related to the parole officer's duties.'" *Id.* (quoting *Grimes*, 225 F.3d at 259 n.4).

Here, Officer Dotts testified that "through my investigation we are able to conference and decide that this threat might be credible so it was decided that we would conduct a safety search." App'x 141. Since the district court "found Officer Dotts's testimony credible," App'x 280, and further found that the new information did not affect the "core information" that Officer Dotts was told Sims had a gun, the district court did not abuse its discretion in holding that there "was a sufficient reason to search," App'x 678. Because the district court found that the search was reasonably related to Officer Dotts's duties, the analysis under the special needs doctrine was

satisfied, and there was no further requirement to determine whether the tip came from a community complainant or a confidential informant. *See also United States v. Newton*, 369 F.3d 659, 666 (2d Cir. 2004) ("Thus, once the parole officers in this case received information that Newton had a gun at his residence and had threatened his mother and her husband, it was a reasonable exercise of their parole duty to search Ms. Wright's apartment both 'to detect the possession of a firearm in violation of Newton's parole and to protect Wright and her husband.'" (citation omitted)); *United States v. Barner*, 666 F.3d 79, 85 (2d Cir. 2012) ("Here, Parole Officer Spearman had received information that Barner (1) possessed a gun, and (2) had fired it at the complainant. . . . Once Spearman had this information, it was clearly reasonable for her to investigate the accusations further.").

To the extent that Sims challenges the factual basis of the district court's decision, we likewise discern no clearly erroneous factual finding that would amount to an abuse of discretion. Before ruling on the motion for reconsideration of suppression, the court explicitly asked defense counsel: "What evidence do you have that it was the NYPD that told [Officer Dotts] this and that they intentionally lied, as opposed to her getting it confused two years later?" App'x 673. In context, the district court's statement that there was not "a basis to change the decision on the search," App'x 678, indicated a factual determination that Sims had not provided sufficient evidence of falsity to warrant reconsideration of its earlier ruling. *See also United States v. Wallace*, 937 F.3d 130, 137 (2d Cir. 2019) ("We 'pay special deference to the district court's factual determinations going to witness credibility.'" (quoting *United States v. Jiau*, 734 F.3d 147, 151 (2d Cir. 2013))).

In making that determination, the district court acted well within its discretion. One of the text messages sent by Detective Anzor Zak ("Detective Zak") explicitly references a

confidential informant, belying the notion that he attempted to deceive Officer Dotts by framing his source as a community complainant. The government also provided specific information as to the substance of the tip obtained from the confidential informant. Furthermore, the government identified additional inculpatory information that Detective Zak could have provided Officer Dotts had his goal been to persuade her to conduct a search by any means necessary, belying the claim that he intentionally fed her false information in order to instigate a search. The district court's decision to deny the motion to reconsider thus did not rest on a "clearly erroneous factual finding." *Figueroa*, 548 F.3d at 226 (citation and internal quotation marks omitted); *see also United States v. Oliver*, 626 F.2d 254, 260 (2d Cir. 1980) ("The surrounding circumstances having thus been explored by the court, the decision not to reopen did not constitute an abuse of discretion.").

\* \* \*

We have considered Sims's remaining arguments on appeal and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk